Kevin Cassidy, D.C. Bar No. MA0021
Earthrise Law Center
P.O. Box 445
Norwell, MA 02061
Telephone: (781) 659-1696
Email: cassidy@lclark.edu

Tarah Heinzen, D.C. Bar No. 1019829
Food & Water Watch
1616 P St. NW, Suite 300
Washington, DC 20036
Telephone: (202) 683-2457
Email: theinzen@fwwatch.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FOOD & WATER WATCH**, a non-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 17-1714 |
| v. | ) ) | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE**, an agency of the United States Government; **FARM SERVICE AGENCY**, an agency of the United States Government; **DEANNA DUNNING**, in her official capacity as Farm Loan Officer, Farm Service Agency | ) ) ) ) ) ) ) ) ) ) | **REPLY IN SUPPORT OF MOTION TO COMPEL THE COMPLETE ADMINISTRATIVE RECORD** |
| Defendants | ) ) | |

After asking for extra time to respond to Plaintiff's Motion to Compel the Complete Administrative Record (ECF No. 18), Defendants filed a one-page response (ECF No. 22), in which they agreed to complete the administrative record with the loan related documents

Page 1: REPLY IN SUPPORT OF MOTION TO COMPEL THE COMPLETE ADMINISTRATIVE RECORD

Plaintiff's have sought since December. Plaintiff accepts Defendants' willingness to complete the record and files this brief Reply: (1) to highlight the impact of Defendants' refusal to provide the records until after briefing on their motion to dismiss was closed; (2) to clarify the scope of Defendants' obligations; (3) to address Defendants' vague request for a Protective Order; and (4) to correct Defendants' continued mischaracterization of Plaintiff's case.

**First**, Defendants' latest "about face" on its position regarding the loan-related records has prejudiced Plaintiff. Plaintiff explained to Defendants, and to the Court, that it was "highly likely that Plaintiff will require some of the disputed records in order to respond" to Defendants' FRCP 12(c) jurisdictional motion. ECF No. 16, at 4-5; *see also* 2/16/18 Minute Order (recognizing Plaintiff's contention that it would require the disputed records to respond to Defendants' arguments). Nevertheless, Defendants refused to provide the loan-related records until *after* the briefing on their motion to dismiss was complete, even though Defendants' motion was jurisdictional and challenged Plaintiff's standing.

As the D.C. Circuit has noted, when a plaintiff's standing is not self-evident, it should "establish its standing by the submission of its arguments and any affidavits or other evidence appurtenant thereto at the first appropriate point in the review proceeding." *Sierra Club v. E.P.A.*, 292 F.3d 895, 900 (D.C. Cir. 2002). The court recognized that "[i]n some cases, that will be in response to a motion to dismiss for want of standing." *Id*. A plaintiff "may carry its burden of production by citing *any record evidence* relevant to its claim of standing and, if necessary, appending to its filing additional affidavits or other evidence sufficient to support its claim." *Id*. at 900-01 (emphasis added); *see also Chesapeake Climate Action Network v. Exp.-Imp. Bank of the United States*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015) ("Although judicial review of agency action is typically confined to the administrative record, where there is not sufficient evidence of

Page 2: REPLY IN SUPPORT OF MOTION TO COMPEL THE COMPLETE
ADMINISTRATIVE RECORD

standing *in the record* because the question was not before the agency, plaintiffs may submit extra-record evidence to establish standing.") (emphasis added).

Of course, a plaintiff can only determine if there is any record evidence to cite to on the issue of standing, or if it must submit extra-record evidence, if a plaintiff has the complete record. After initially agreeing to resolve any record issues and then proceed to summary judgment (*see* ECF No. 13, at 4-5), the government's decision to refuse to provide the loan-related records and insistence on filing its motion to dismiss, only to then turn around and agree to provide the loan-related records after briefing on that motion was closed deserves scrutiny. This is particularly true given that Defendants devote much of their reply brief in support of its motion to discussing actions the lender or borrower may take in response to an order from this Court vacating the loan guarantee. *See, e.g.,* ECF No. 23, at 13 ("Similarly, the borrower could decline to accept new conditions and seek additional or replacement financing elsewhere.").[1] The loan-related documents, which the government is now ready to supply, are clearly relevant to this issue, and the government's refusal to include them in the record deprived Plaintiff of its opportunity to cite to them "at the first appropriate point in the review proceeding" and to determine if extra-record evidence was necessary.

Although Plaintiff believes, for the reasons set forth in its Response to Defendants' 12(c) Motion to Dismiss Plaintiff's Complaint (ECF No. 20), that the Court can deny Defendants' motion, the government's maneuvering related to record provides further justification for, at a minimum, this Court to deny Defendants' motion without prejudice with leave to raise the

---

[1] Likewise, Defendants' argument that they have no continuing control over the CAFO's operations is belied by evidence that should, and will, be included in the record but is currently withheld. *See, e.g.*, ECF No. 19-16 (listing conditions of approval of the loan guarantee, including the requirement to "comply with all state and environmental regulations during construction *and during operations*.") (emphasis added).

Page 3: REPLY IN SUPPORT OF MOTION TO COMPEL THE COMPLETE
ADMINISTRATIVE RECORD

arguments again, if appropriate, at summary judgment when Plaintiff and the Court have the benefit of a complete record.

**Second**, Defendants did not object to Plaintiff's Proposed Order (ECF No. 18-1); accordingly, Plaintiff respectfully urges the Court to adopt it so Defendants understand the scope of their obligations. In their response to Plaintiff's motion, Defendants refer to "financial documents considered by FSA in making the loan guarantee decision." ECF No. 22. Importantly, "consideration" by an agency is not the correct standard for whether the agency should include a document in the record. The "whole record" includes "everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1983); *see also California v. United States Dep't of Agric.*, No. C05- 03508 EDL, 2006 WL 708914, at *2 (N.D. Cal. Mar. 16, 2006) ("To be complete, the administrative record must contain materials that are directly or indirectly *related to* the agency's decision, not just those materials that the agency relied on.") (emphasis added), citing *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989). Further, it is not clear from Defendants' description that it intends to include the loan guarantee itself in the record, which is clearly required. Therefore, to remove any confusion and to avoid future litigation on this issue, Plaintiff respectfully requests the Court adopt Plaintiff's Proposed Order, to which Defendants did not object in their response.

**Third**, for the first time, Defendants propose the idea of a protective order and attempt to condition their completion of the administrative record on the parties agreeing on such an order. *See* ECF No. 22, at 1. Plaintiff has all along been amenable to reasonable protections of personal identifying and other sensitive information. *See, e.g.*, ECF No. 19-10, at 2 (Ex. J to Heinzen Declaration – "Other than appropriately withheld personal identifying information, [the loan-

Page 4: REPLY IN SUPPORT OF MOTION TO COMPEL THE COMPLETE
ADMINISTRATIVE RECORD

related documents] should not contain any redactions."). Plaintiff is, of course, willing to discuss the possible need for a protective order, but the Court should reject Defendants' attempt to condition their provision of the complete record on the parties' agreement on such an order. At this point, until Defendants provide further information regarding the scope and terms of any potential protective order, Plaintiff reserves its right to object. Further, any protective order should not cover any documents Defendants already have released pursuant to FOIA requests, unless Defendants make a determination that sensitive financial or personal identifying information was inadvertently disclosed in those documents.[2]

**Finally**, Defendants continue to mischaracterize Plaintiff's complaint as only challenging the environmental review process. As explained in Plaintiff's Motion, an agency's action is inextricably intertwined with the environmental analysis related to that action in determining whether that action violates NEPA or the APA: "As the Supreme Court has noted, environmental analysis under NEPA is not intended to be an 'abstract exercise.'" *See* ECF No. 18, at 10, quoting *Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc.*, 462 U.S. 87, 100 (1983). Defendants' continued attempt to separate the loan guarantee from the environmental review that FSA is required to undertake in order to approve the guarantee is completely contrived and also belied by record evidence that will show that FSA's environmental analysis was part and parcel of the loan guarantee approval process, and, indeed, was undertaken by the same FSA employee.

For the forgoing reasons, and due to the Defendants' failure to substantively respond to Plaintiff's motion, Plaintiff's respectfully request the Court grant its Motion to Compel the Complete Administrative Record and adopt and enter Plaintiff's Proposed Order.

---

[2] Such a determination is highly unlikely, however, given the extensive redactions already contained in the released FOIA documents.

Page 5: REPLY IN SUPPORT OF MOTION TO COMPEL THE COMPLETE ADMINISTRATIVE RECORD

Respectfully submitted this 23rd day of April, 2018.

/s/ Kevin Cassidy
Kevin Cassidy, D.C. Bar No. MA0021
Earthrise Law Center
P.O. Box 445
Norwell, MA 02061
Telephone: (781) 659- 1696
Email: cassidy@lclark.edu

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on the 23rd day of April, 2018, I filed the foregoing documents electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

       /s/ Kevin Cassidy_____
      Kevin Cassidy
      Attorney for Plaintiff